IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PETRA MEZZANINE FUND, L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:12-CV-00601-RGA |
| | : | |
| VINCENT N. WILLIS, HOWARD A. WILLLIS AND JOSEPH WILLIS, | : : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Elihu E. Allinson, III, Esq., Wilmington, DE; Samuel P. Funk, Esq., Ryan T. Holt, Esq., Nashville, TN, Attorneys for Plaintiff.

Joseph J. Bellew, Esq., Barry M. Klayman, Esq., Damien Nicholas Tancredi, Esq., Wilmington, DE, Attorneys for Defendants.

November __, 2012

ANDREWS, U.S. DISTRICT JUDGE:

Before the court is a motion to dismiss the Willises' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b). Petra Mezzanine Fund, L.P. filed a breach of contract complaint based upon a "Contribution Agreement" entered into by all parties to this suit. (D.I. 1). The Willises filed counterclaims against Petra alleging breach of contract based on a "Subsequent Agreement" as well as fraud. (D.I. 13).

It appears from the Verified Complaint that the Plaintiff, the three Defendants, and a fifth individual were the owners of a business. The business was sold in 2004. At that time the parties entered into the Contribution Agreement, which provided that if one of the parties had to make certain sorts of payments, it could get reimbursement from the other four based on the respective pro rata shares of ownership. Petra alleges that it made such a payment on December 8, 2011, that it was in excess of its pro rata ownership percentage, that it notified the Defendants of this on December 13, 2011, and that the Defendants have refused to comply with the Contribution Agreement. The Defendants deny most of these allegations.

The Defendants in their counterclaims contend that the December 8th payment grew out of a settlement agreement with a third party. The settlement agreement was discussed during a mediation conference in September 2011. Petra there offered a new agreement which would accept a lower contribution amount ($300,000) from the Defendants, as well as more time within which to tender payment, than would be required by the Contribution Agreement. (D.I. 13, p.9, ¶16). In return for this consideration, Defendants entered into a settlement agreement that they otherwise would not have endorsed. (D.I. 13, p.7). The basis for the fraud counterclaim derives from the Defendants' contention that this offer by Petra was meant to induce the signing of the

2

settlement agreement and there was no intention on Petra's part to uphold the agreement to accept only $300,000 from the Defendants at some later undetermined time. (D.I 13, p.9).

Petra argues that there is no Subsequent Agreement, and that even if there was such an agreement, it is unenforceable due to the lack of agreement on its material terms.

The issues before the court are whether the counterclaim for breach of contract is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and whether Federal Rule of Civil Procedure 9(b) requires the dismissal of the counterclaim for fraud due to the lack of particularity.

## DISCUSSION

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 566. The basis for the Willises' counterclaim for breach of contract is the Subsequent Agreement which was entered into orally to modify the previously executed Contribution Agreement. (D.I. 13). The Contribution Agreement includes the following language regarding modification:

> This agreement states the entire agreement of the parties hereto with respect to the subject matter hereof, and may not be modified, amended, or changed, nor any of its provisions waived, without the express unanimous written consent of the parties hereto.

(D.I. 1). On the face of the claim, the allegations show that the Subsequent Agreement is not a valid contract as it seeks to modify the Contribution Agreement but is not in writing. For this reason, the counterclaim for breach of contract does not state a claim upon which relief may be based and therefore must be dismissed.

Further, even if the Subsequent Agreement were a valid contract, it would be unenforceable due to a lack of material terms. Delaware law has adopted the Restatement (Second) of Contracts §33 (1981) test to determine the completeness of a contract. "[T]he terms of a contract are reasonably certain if they provide a basis for determining the existence of breach and for giving an appropriate remedy." *Echols v. Pelullo*, 377 F.3d 272, 277 (3d Cir. 2004). The Subsequent Agreement lacks both a time for when the payment would be tendered as well a formula for allocating the amount for each party to pay. (D.I. 13). These terms were material to the Contribution Agreement. (D.I. 1). Due to the lack of any term directing when payment would be due, there could be no basis for determining when the Willises might be in breach for non-payment. Due to the lack of any term describing the parties' financial responsibilities, there could be no basis for determining the amounts owed by the three defendants. The Subsequent Agreement fails the Restatement test. Thus, for this second reason, the breach of contract counterclaim fails to state a claim.

The fraud counterclaim must meet the requirements of Federal Rule of Civil Procedure 9(b):

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

The purpose of Rule 9(b) is to provide notice of the precise misconduct alleged, but the date of, time of and place of the alleged fraud need not be in the complaint when there are other means to provide notice. *See In re Fruehauf Trailer Corp.*, 250 B.R. 168, 198 (D. Del. 2000).

> As such, prior oral promises or statements of future intent can be "fraudulent misrepresentations" sufficient to form the basis of a fraudulent inducement claim only where the Complaint alleges particularized facts that allow the Court to infer that, at the

4

time the promise was made, the speaker had no intention of keeping it.

*Microstrategy Inc. v. Acacia Research Corp.*, 2010 WL 5550455, *17 (Del. Ch. 2010.) The counterclaim for fraud specifies the mediation meeting in September of 2011 as the time the misrepresentations were made. The counterclaim provides a factual basis for the claim of fraudulent inducement as it alleges Defendants agreed to the new debt based on the fraudulent representation that they would not have to pay for it per the Contribution Agreement. It offers Plaintiff's demand for full payment within a short period of time after settlement as a basis to infer that Petra had no intention of abiding by the agreements made during the September mediation meeting. (D. I. 13). The requirement for heightened particularization in the pleading has been met.

Petra Mezzanine further argues that the fraud counterclaim is barred as it is merely "bootstrapping" the breach of contract counterclaim.

> As a general rule under Delaware law, where an action is based entirely on a breach of the terms of a contract between the parties, and not on a violation of an independent duty imposed by law, a plaintiff must sue in contract and not in tort.

*Pinkert v. John J. Olivieri, P.A.*, 2001 U.S. Dist. LEXIS 8133, *16 (D. Del. May 24, 2001). For the reasons stated above, the Subsequent Agreement was not a valid contract and therefore could not have been breached. Further, there was no breach of the Contribution Agreement as no debt was owed by the Willises prior to the alleged inducement.

## CONCLUSION

For the reasons set forth above, the court grants the motion to dismiss the Willises' Counterclaim I and denies the motion to dismiss Counterclaim II. A separate order will be entered.